**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

In Re:   Sarah M. Sorrell

Case No. 15-30024-KRH
Chapter 13

**********************************

U.S. BANK TRUST NATIONAL
ASSOCIATION, AS TRUSTEE OF THE
IGLOO SERIES III TRUST, Movant

vs.

Sarah M. Sorrell , Debtor
Rosa Muse, Non-Filing Co-Debtor
Carl M. Bates, Trustee
                    Respondent(s)

**CONSENT ORDER AND STIPULATION MODIFYING AUTOMATIC STAY**

This matter is scheduled to be heard before the court on <u>May 29, 2019</u>, on the Motion of U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES III TRUST, Movant, by its attorney Dinh Ngo, Esq., for the relief from the automatic stay with respect to the property secured by the Deed of Trust dated September 24, 1999 and recorded amount the land records of County of County of Essex, Virginia, and which encumbers the property of the Debtors at 2813 Howertons Road, Dunnsville, Virginia 22454, and more particularly described as follows:

EXHIBIT "A"

All that certain lot or parcel of land with the buildings and improvements thereon situate in Rappahannock Magisterial District, Essex County, Virginia, near Howertons, lying on the left side of the public road from Millers Tavern to Howertons containing one-half acre, more or less, described as follows: Beginning at a point on said road corner to the lands of Charlie Taylor, thence in a northerly direction along the line of said Taylor, a distance of 70 yards to a point, a corner to the lot, thence along Linthicum's line in an easterly direction and parallel with the said road in a westerly direction a distance of 35 yards to the point of beginning.

Dinh Ngo, Esq.
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, #800
Laurel, MD 20707
VSB #85661
301.490.1196
Attorney for U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES III TRUST

Upon consideration of which, it is

**ORDERED**

1.  The Debtor will resume making regular monthly installment payments in the amount of $747.36 as they become due commencing on June 1, 2019.

2.  The Debtors shall cure the post-petition arrearage currently due to the Movant from July, 2018 through May, 2019 in the total amount of $9,098.69, which less a suspense balance of $153.27 and includes current bankruptcy legal fees and costs of  $1,031.00 by making the following payments:

    a.  $1,516.45 on or before June 15, 2019

    b.  $1,516.45 on or before July 15, 2019

    c.  $1,516.45 on or before August 15, 2019

    d.  $1,516.45 on or before September 15, 2019

    e.  $1,516.45 on or before October 15, 2019

    f.  $1,516.44 on or before November 15, 2019

3.  In the event that any payment required by this order is not received by the Movant within 15 days after it is due, the Movant may mail a notice of default to the Debtor by first class mail, post prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, post prepaid, or by email at the same time as the notice of default is mailed to the debtor.  The notice of default will state in simple and plain language:

    a.  That the debtor is in default in making at least one payment required under this order;
    b.  The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
    c.  The action necessary to cure the default, including any address to which payments must be mailed;
    d.  That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default;
        i.  Cure the default;
        ii.  File an objection with the court stating that no default exists; or
        iii.  File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
    e.  That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that is has complied with the terms of this order, and that the court may grant relief from the automatic stay without further

notice to the debtor; and

f.    That if the automatic stay is terminated; the collateral may be sold at foreclosure.

If the Debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the Debtor or trustee files an objection, the Movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee.  At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4.    The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order.  In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing

5.    Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are without prejudice and shall not constitute a waiver of any default.

6.    The automatic stay is modified to permit the Noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7.    Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, Movant shall be entitled to reasonable attorney's fees in the amount of $50.00 for issuance of a notice of default, and an additional $50.00 for the issuance of a certificate of default and preparation of an order terminating the automatic stay.

DONE at **Richmond**, Virginia, Dated: __May 28 2019_____

__/s/ Kevin R Huennekens_____

Judge, U.S. Bankruptcy Court
Eastern District of Virginia

SEEN AND CONSENTED TO:              Entered on Docket:  may 28 2019

_____

/s/  Dinh Ngo, Esq.
Dinh Ngo, Esq.

18-703769

McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, #800
Laurel, MD 20707
VSB #85661
301.490.1196
*Attorney for Movant*

/s/  Keith A. Pagano            (by Dinh Ngo, Esq. with permission from Keith A.
Keith A. Pagano                Pagano based on FAX/email)
Pagano & Associates, P.C.
4510 S. Laburnum Ave           X  /s/ Dinh Ngo
Richmond, Virginia  23231
Telephone: (804) 447-1002
*Attorney for Debtor*

/s/  Carl M. Bates
Carl M. Bates                  (by Dinh Ngo, Esq. with permission from
P.O. Box 1819                  Carl M. Bates based on FAX/email)
Richmond, Virginia  23218
Telephone (804) 237-6800       X  /s/ Dinh Ngo
*Trustee*

Local Rule 9022-1(C) Certification

The foregoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).

/s/  Dinh Ngo, Esq.

Certification

The undersigned certifies that the foregoing Order Granting Relief from Stay is in substantial compliance to the form order required by the Administrative Order and that no modifications, additions, or deletions have been made.

/s/  Dinh Ngo, Esq.

**PARTIES TO RECEIVE COPIES**

Sarah M. Sorrell
2813 Howerton Road
Dunnsville, Virginia  22454

Rosa Muse

18-703769

2813 Howertons Rd.
Dunnsville, Virginia  22454

Copies will be sent electronically via the CM/ECF system to Keith A. Pagano, Attorney for Debtor
and Carl M. Bates, Trustee.